# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 3, 2013

Lyle W. Cayce
Clerk

No. 13-30301
Summary Calendar

CHARLES H. THIBODEAUX,

Plaintiff-Appellant

v.

LESTER TAMASHIRO, Federal Bureau of Investigation; MARVIN OPOTOWSKY, United States Prosecuting Attorney; E. DE PAULA, Probation Officer; MR. WILLIAMS, Probation Officer; KERRY P. CUCCIA, Attorney for Plaintiff; DEPARTMENT OF JUSTICE

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2080

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

This is an appeal by Charles Thibodeaux ("Thibodeaux") challenging two district court orders dismissing his *Bivens*[1] action against defendants for failure to state a claim. In his complaint, Thibodeaux alleges that defendants committed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

various unlawful acts related to his criminal prosecution and conviction in 1992–93. All of the conduct alleged in the complaint occurred during that time.

Thibodeaux claims that defendants Lester Tamashiro, an FBI Agent, and Marvin Opotowsky, a former United States Attorney, searched his residence without a warrant or probable cause in 1992.[2] He further alleges that Tamashiro lied to a United States Magistrate Judge in order to obtain a warrant, and that Opotowsky violated the *ex post facto* provision of the United States Constitution by charging him with a crime.

Thibodeaux alleges that defendant Kerry Cuccia, his attorney at the time, told him to plead guilty although he was innocent, and refused to represent him. He also claims that defendant Elizabeth DePaula, a United States Probation Officer, shared information with his employer that lead to Thibodeaux's forced resignation. Finally, Thibodeaux asserts that defendant Patrick Williams, also a United States Probation Officer, warned Thibodeaux not to report the incident with De Paula or he would "spend the rest of his life in a Mental Institution."

The government moved to dismiss Thibodeaux's claims against Opotowsky, De Paula, and Williams, in their individual capacities, as well as Thibodeaux's claims against the Department of Justice. On March 6, 2013, the district court granted the motion, and dismissed Thibodeaux's claims against these defendants for various reasons. The court dismissed the claims against the De Paula and Williams as time-barred under the relevant statute of limitations; it dismissed the claims against Opotowsky under the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994), because they necessarily imply the invalidity of his underlying conviction; and it dismissed the claims against the DOJ as barred by sovereign immunity. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1994).

---

[2] The district court dismissed Thibodeaux's claims against Tamashiro for lack of service on February 14, 2013.

Also in its order on dismissal, the district court notified Thibodeaux that it intended to dismiss his claims against his attorney Kerry Cuccia *sua sponte* because the claims were barred by *Heck* and the relevant statute of limitations, and because it did not appear that Cuccia was acting under color of law. The court instructed him to file an opposition to such a dismissal no later than March 15, 2013. Thibodeaux filed an "error in dismissal" on March 12, 2013, and the Court, unpersuaded by his arguments, issued an order dismissing his claims against Cuccia on March 14, 2013.

After careful review, we find no error in the district court's decisions. For the reasons explained by the district court in its orders of dismissal, we hereby AFFIRM.[3]

---

[3] In addition, Thibodeaux's motion for the issuance of a Default Final Decree is hereby DENIED.